UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
JERRY WEISSMAN AND BARBARA WEISSMAN,

                            Plaintiffs,

    -against-

SHMUEL WASSERMAN AND
CHAIM WASSERMAN,

                           Defendants.
-------------------------------------------------------------------X

Index No.

**COMPLAINT**

Plaintiffs, JERRY WEISSMAN AND BARBARA WEISSMAN ("Plaintiffs" or "The Weissmans"), as and for their Complaint against Defendants SHMUEL WASSERMAN ("Shmuel") and CHAIM WASSERMAN ("Chaim") (collectively "Defendants"), by and through their undersigned attorneys, respectfully allege as follows:

## THE PARTIES

1. Plaintiff Jerry Weissman is an individual who is a resident and citizen of the State of New York.

2. Plaintiff Barbara Weissman is an individual who is a resident and citizen of the State of New York.

3. Defendant Shmuel Wasserman is an individual who, upon information and belief, is a resident and citizen of the State of New Jersey.

4. Defendant Chaim Wasserman is an individual who, upon information and belief, is a resident and citizen of the State of New Jersey.

5. Upon information and belief, Defendant Shmuel Wasserman is the son of

Defendant Chaim Wasserman.

## JURISDICTION AND VENUE

6. This is an action to recover damages in the amount of Three Hundred Thousand Dollars ($300,000.00) exclusive of interest, cost and fees.

7. There is complete diversity of citizenship between Plaintiffs and all Defendants and jurisdiction is proper under 28 U.S.C. § 1332 (a).

8. Venue is proper under 28 USC § 1391 (a).

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Defendant Shmuel Wasserman requested and the Plaintiffs agreed to lend the principal sum of Three Hundred Thousand Dollars ($300,000.00), which was to be repaid, in full, by the Defendants on demand.

10. On April 16, 2008, the Plaintiffs wired One Hundred and Fifty Thousand Dollars ($150,000) to an account owned by both Defendant Shmuel Wasserman and Defendant Chaim Wasserman ("Defendants' Account"). A copy of the April 16, 2008 wire transfer from Plaintiff Barbara Weissman's Account to Defendants' Account is annexed hereto as **Exhibit 1**.

11. On August 7, 2008 Defendant Shmuel Wasserman sent the Plaintiffs an email containing instructions to wire the remaining monies to an account at Capital One Bank located in Passaic, New Jersey which was owned by the Defendants. A copy of Defendant Shmuel Wasserman's wire instructions are annexed hereto as **Exhibit 2** and a copy of the wire transfer is annexed hereto as **Exhibit 3**.

12. On May 17, 2012, Plaintiff Jerry Weissman sent the Defendant Shmuel Wasserman an email demanding repayment of this loan. A copy of Plaintiff Jerry

Weissman's demand is annexed hereto as **Exhibit 4**.

13. To date and despite due demand the Defendants' have made no payments to the Plaintiffs.

14. The loan is presently in default and all amounts therewith are due and owing.

AS AND FOR A FIRST CLAIM FOR RELIEF
AGAINST DEFENDANT SHMUEL WASSERMAN

15. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-14 above as if set forth fully herein.

16. Despite demand, Defendants have failed and refused to repay the money loaned.

17. As a result, the Plaintiffs have suffered damages in the amount of $300,000.00 plus interest from the date of the loan.

AS AND FOR A SECOND CLAIM FOR
RELIEF AGAINST ALL DEFENDANTS

18. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-14 above as if set forth fully herein.

19. Plaintiffs deposited $300,000 in the Defendants' Account with the expectation of being repaid, and not as a volunteer.

20. Defendants Shmuel Wasserman and Chaim Wasserman have been unjustly enriched by the receipt and retention of such funds.

21. The retention by the Defendants of the funds they received ($300,000.00) is inequitable and unconscionable.

22. As a result, Plaintiffs have been damaged in the amount of $300,000.00 plus interest from the date of the loan.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in

Plaintiffs' favor and against Defendants as follows:

1. On Plaintiffs' First Claim for Relief, judgment against Defendant Shmuel Wasserman in the amount of $300,000.00 plus pre-judgment interest;

2. On Plaintiffs' Second Claim for Relief, judgment against Defendants Shmuel Wasserman and Chaim Wasserman, jointly and severally, in the amount of $300,000.00 plus pre-judgment interest;

3. Cost and disbursements as provided by statute; and

4. Such other and further relief as this Court may deem just and proper.

Dated: March 25, 2014
Garden City, New York

MORITT HOCK & HAMROFF, LLP

By: /s/ Lee J. Mendelson
LEE J. MENDELSON
Attorneys for Plaintiffs
400 Garden City Plaza/Suite 202
Garden City, New York 11530
(516) 873-2000

555148v2